IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDITH R. REID,

        Plaintiff,

    vs.                            Civil Action 2:12-CV-771
                                    Judge Smith
                                    Magistrate Judge King

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

<u>REPORT AND RECOMMENDATION</u>

This is an action instituted under the provisions of 42 U.S.C. §§ 405(g), 1383(c), for review of a final decision of the Commissioner of Social Security denying plaintiff's current applications for disability insurance benefits and supplemental security income. This matter is now before the Court on plaintiff's *Statement of Errors*, Doc. No. 16, the Commissioner's *Memorandum in Opposition*, Doc. No. 21, and plaintiff's *Reply*, Doc. No. 22.

Plaintiff Edith R. Reid was awarded a closed period of disability from March 1, 2006 through April 2, 2007 in connection with her diagnosed breast cancer, related treatment and residuals. *PageID* 93-103. Plaintiff filed her current applications for benefits on June 12, 2008, alleging that she has been disabled since October 27, 2007 as a result of carpal tunnel syndrome, arthritis, hepatitis C, torn ligaments in the right knee and major depressive disorder. *PageID* 132-34, 135-38, 175. Those applications were denied initially and

1

upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held initially on May 10, 2011; plaintiff, represented by counsel, appeared and testified, *PageID* 1129-54, as did Mona Robinson, Ph.D., who testified as a vocational expert. *PageID* 1155-62. A supplemental administrative hearing was held on June 27, 2011, following receipt of interrogatory responses from a medical expert, Ronald Kendrick, M.D. *PageID* 1112-21. Carl Hartung appeared and testified as a vocational expert at the supplemental hearing. *PageID* 81-84. In a decision dated July 14, 2011, the administrative law judge concluded that plaintiff is not disabled within the meaning of the Social Security Act. *PageID* 58-69. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 29, 2012. *PageID* 48-51.

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971). *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475

(6th Cir. 2003); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990)(citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)), and even if substantial evidence also supports the opposite conclusion. *Longworth*, 402 F.3d at 595.

Plaintiff was 47 years old on her alleged disability onset date and 51 years old when the administrative law judge issued her decision. *PageID* 67, 169. Plaintiff completed the 11th grade. *PageID* 180, 542. She has past relevant work experience as a retail cashier, laborer and machine operator. *PageID* 176. She has not engaged in substantial gainful activity since her alleged date of onset of disability. *PageID* 60. Her insured status for purposes of disability insurance benefits lapsed on March 31, 2011. *Id.*

The single dispositive issue in this case is the administrative law judge's finding that plaintiff is not functionally illiterate, has a limited education and is able to communicate in English. Plaintiff contends that this finding lacks substantial support in the

record and that the administrative law judge should have found that plaintiff is illiterate. Had the administrative law judge so found, plaintiff argues, Rule 202.09 of the Medical-Vocational Guidelines would have mandated a conclusion of disability when plaintiff reached the age of 50. In any event, plaintiff contends, the administrative law judge erred in failing to include plaintiff's illiteracy as a vocational factor in the hypotheticals posed to the vocational experts. *Statement of Errors*, *PageID* 1175.[1]

Plaintiff testified at the May 10, 2011, administrative hearing that she began but did not complete the twelfth grade. She has not obtained a general equivalency diploma. *PageID* 1129. To her knowledge, she was enrolled in regular classes while in school, *PageID* 1133, and there is no evidence to the contrary. Plaintiff testified that she can perform math but that she cannot read or write. *PageID* 1133. She cannot read a newspaper or magazine story or maintain a check book. *Id.* She returned to school in an effort to learn how to read and write. *PageID* 1134. She acknowledged that she obtained her driver's license upon written examination, *PageID* 1131, but she testified that she took the test three (3) times and passed only because she "cheated," *i.e.*, "had the answers." *PageID* 1131-32.

Plaintiff had assistance in completing at least some portions of her disability applications. *See, e.g., PageID* 172. *But see PageID* 154, 186-89. She has reported problems in reading and writing

---

[1] Because of the limited nature of plaintiff's challenge, the Court will summarize

4

to mental health providers and therapists.  *See, e.g., PageID* 534 ("I was teased a lot in school for my first name and because I didn't know how to read or write"), 542 ("She states that she left the school and she states she did not learn how to read or spell"), 566 ("Client stated that she can not read or spell well"), 687 ("She is unable to read or write"), 922 ("I blame most of it [thoughts and feelings of worthlessness] on me not knowin' how to read and spell for my life bein' the way that it is").

On the other hand, plaintiff also reported to a mental health agency that "she can write 'a little bit, . . .'" *PageID* 533.  At the initial administrative hearing, plaintiff apparently reviewed a written list of her medications and questioned whether it was complete.  *PageID* 1152.  She is able to use public transportation.  She flew to her son's wedding in Georgia. *PageID* 1132-33.

On a typical day, plaintiff listens to music and plays games on the computer.  She cares for herself and her dog.  She performs all household chores and goes grocery shopping. *PageID* 1147-50.

In November 2008, James C. Tanley, Ph.D., performed a consultative psychological evaluation of plaintiff at the request of the state agency.  *PageID* 502-04. Plaintiff reported that she did not know how to read or spell. *PageID* 502.  According to Dr. Tanley, however, mental status testing indicated that plaintiff's functioning fell in the low average range. *PageID* 504.

---

only the evidence relevant to that challenge.

As noted *supra*, the administrative law judge found that plaintiff was not functionally illiterate. The administrative law judge expressly noted plaintiff's testimony that she cannot read or write, *PageID* 62, 64, 66, but also found that plaintiff's testimony and statements were not entirely credible. *PageID* 65, 66. In particular, the administrative law judge rejected plaintiff's claim of functional illiteracy:

> Despite the claimant's testimony, the record fails to document functional illiteracy. She completed school through the eleventh grade while enrolled in regular classes and she passed a written driver's examination, though she said that she took it multiple times and had to cheat to pass it.

*PageID* 66. The administrative law judge specifically found that plaintiff has a "limited education" but is literate and able to communicate in English. PageID 67. Neither the residual functional capacity assessment made by the administrative law judge nor the hypotheticals posed to the vocational experts included a limitation based on illiteracy. *PageID* 64, 1157, 1158, 81-84.

The Commissioner generally characterizes a person with an 11th grade as having a "limited" education, *i.e.*, an "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3). Absent additional, contradictory, evidence, a claimant's "numerical grade level [is used] to determine

6

[the claimant's] educational abilities." 20 C.F.R. §§ 404.1564(b), 416.964(b).

> "Illiteracy" is defined in the Commissioner's regulations as
>
> the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.

20 C.F.R. §§ 404.1564(b)(1); 416.964(b)(1). A claimant is not illiterate if she can "indeed read and write albeit 'not too good.'" *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 540 (6th Cir. 1981).

Evidence of plaintiff's illiteracy is not uncontroverted. Plaintiff has an 11th grade education in regular classes, Dr. Tanley opined that plaintiff's intellectual functioning fell in the low average range, and plaintiff passed a written driver's license test. There is therefore substantial evidence in support of the finding of the administrative law judge that plaintiff is not illiterate. Although plaintiff has reported on a number of occasions and testified at the initial administrative hearing that she cannot read or write, the administrative law judge found that plaintiff is not fully credible. An administrative law judge's credibility determination is accorded great weight and deference because of the administrative law judge's unique opportunity to observe a witness' demeanor while testifying. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 973 (6th Cir. 1987)). If the

administrative law judge's credibility determinations are explained and enjoy substantial support in the record, a court is without authority to revisit those determinations. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Beavers v. Sec'y of Health, Educ. and Welfare*, 577 F.2d 383, 386–87 (6th Cir. 1978).  In the case presently before the Court, the administrative law judge's credibility determination in relation to this issue was explained by her and enjoys substantial support in the record.  This Court therefore lacks authority to revisit that determination.

It is therefore **RECOMMENDED** that the decision of the Commissioner be affirmed and that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v.*

8

*Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<u>*s/Norah McCann King*</u>
Norah McCann King
United States Magistrate Judge

July 9, 2013